UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DARRELL ALVIN JOHNSON,

        Petitioner,

v.

ANN TAYLOR, HENNEPIN COUNTY,

        Respondent.

Civil File No. 05-1009 (DSD/FLN)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(a). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a prisoner at the Minnesota Correctional Facility at Faribault, Minnesota. He is serving a 96-month prison sentence that was imposed in January 2001 in the State District Court for Hennepin County, Minnesota. Petitioner was sentenced after a jury found him guilty of promoting and soliciting prostitution. (Petition, [Docket No. 1], p. (2), ¶s 1-6.)

Petitioner challenged his conviction and sentence on direct appeal, claiming that (i) the trial court erroneously denied the jury's request for certain audiotapes that had been

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

dockets.Justia.com

introduced at trial, (ii) the prosecution should not have been allowed to use prior conviction evidence for impeachment purposes, and (iii) the trial court abused its discretion by imposing a sentence that was an upward departure from the sentencing guidelines. The Minnesota Court of Appeals rejected all of Petitioner's claims and upheld his conviction and sentence. State v. Johnson, No. C5-01-588 (Minn.App. 2002), 2002 WL 172723 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review on April 16, 2002. There is nothing to indicate that Petitioner ever challenged his conviction or sentence in any state post-conviction motion, or any other state court proceeding. (Petition, p. (3), ¶ 10.)[2]

Petitioner's current habeas corpus petition presents new grounds for relief that have never been raised or decided in any Minnesota state court. He now claims that "Ann Taylor of the Hennepin County Attprneys [sic] Office represented the state [in his criminal prosecution] and as a result of her manipulations I [Petitioner] was convicted of a charge that included minor children in the act and or buisness [sic] of prostitution under [Minn.Stat. §] 609.322 1 (a) (2)." (Id., Attachment, p. 1.) He further claims that "as a result of this conviction and Ann Taylor[']s direct manipulations the charge of committment [sic] was different then [sic] the conviction itself." (Id.)[3]

---

[2] Petitioner did, however, challenge his conviction and sentence in another recent federal habeas corpus case in this District – Johnson v. Hennepin County Attorney, Civil No. 05-821 (DSD/FLN). That action was summarily dismissed because Petitioner failed to exhaust his available state court remedies before seeking federal habeas review.

[3] Although it clearly appears that Petitioner is attempting to overturn his state criminal conviction, there are some aspects of his petition that seem to suggest he may also be seeking some type of additional relief from the named Respondent, Ann Taylor, in her individual or personal capacity. If Petitioner is seeking some type of judgment against Ann Taylor herself, (and not just a writ of habeas corpus that would affect his state

As discussed more fully below, the Court finds that Petitioner's current federal habeas corpus petition cannot be entertained at this time, because he has not exhausted his state court remedies with regard to the claims he is attempting to raise.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). Therefore, to

---

conviction and sentence), he will have to pursue such relief by some means other than a habeas corpus petition – presumably by a separate civil rights action brought under 42 U.S.C. § 1983. However, before bringing any new action against Taylor personally, Petitioner should carefully consider the legal principles discussed in Heck v. Humphrey, 512 U.S. 477, 483 (1994) (holding that even when a prisoner-plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement"), and Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution).

exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the <u>highest available state court</u>, (in Minnesota, the State Supreme Court), before seeking relief in federal court.

A federal habeas claim is not deemed to be exhausted unless the constitutional dimension of the claim has been fairly presented to the state courts. As the Supreme Court pointed out in <u>Duncan</u>, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." 513 U.S. at 365-66. In other words, if a state prisoner claims "that his incarceration violates federal law, 'he must say so, not only in federal court, but in state court.'" <u>Wyldes v. Hundley</u>, 69 F.3d 247, 251 (8th Cir. 1995), <u>cert</u>. <u>denied</u>, 517 U.S. 1172 (1996), quoting <u>Duncan</u>, <u>supra</u>.

In this case, it clearly appears that none of Petitioner's current claims for relief has ever been fairly presented to, or addressed by, the Minnesota Supreme Court – or any other state court. Because Petitioner has not fairly presented his current habeas claims to the Minnesota state courts, he has not satisfied the exhaustion of state court remedies requirement.[4]

---

[4] Petitioner asserts that "[t]his suit comes before the court due to the fact that it is against a district intenty [sic]." (Petition, p. (6), ¶ 13.) This suggests that Petitioner may believe he should be excused from the exhaustion of state remedies requirement because his claims are based on alleged misconduct by the prosecuting attorney. That reasoning must be rejected. "State courts are duty bound to give full effect to federal constitutional rights and it cannot be assumed that they will be derelict in their duty." <u>Wade v. Mayo</u>, 334 U.S. 672, 679 (1948). Petitioner has not shown that the federal District Court is better suited than the Minnesota state courts to entertain and decide his present claims for relief, including any claims based on any alleged misconduct by the prosecuting attorney. The state courts are fully capable of adjudicating all of Petitioner's constitutional claims, and must be given the first opportunity to do so. Therefore, the Court rejects the notion that Petitioner should be excused from the exhaustion of state court remedies requirement.

Furthermore, there is a state court remedy that <u>might</u> still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. §§ 590.01 et seq. Of course, the state courts may find that it is now too late for Petitioner to challenge his conviction, (as he was convicted more than four years ago), or that he is barred from seeking relief by some state court procedural rule. However, if Petitioner's claims are based on some new information that has only recently come to light, (as he seems to be suggesting), then there is at least a possibility that the state courts would address his "new evidence" claims on the merits. In any event, the Court finds that it would be preferable to have the Minnesota state courts, (rather than the federal district court), decide whether Petitioner's unexhausted federal constitutional claims can still be heard and decided on the merits in the state courts.[5] <u>Petitioner will therefore have to seek post-conviction relief in the state courts before he will be allowed to seek habeas corpus relief in federal court</u>.[6]

## III. CONCLUSION

In sum, the Court finds that the instant petition cannot be entertained at this time, because Petitioner has not satisfied the exhaustion of state court remedies requirement.

---

[5] Petitioner should note that any claims that the state courts refuse to decide on the merits because of a state procedural rule will be procedurally defaulted, and will not be reviewable in a future federal habeas proceeding, except upon a showing of either (a) sufficient cause and prejudice to excuse the procedural default, or (b) proof of actual innocence. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

[6] The highlighted sentence was included in this Court's Report and Recommendation in Petitioner's first habeas corpus case, (Civil No. 05-821 (DSD/FLN)), but Petitioner apparently ignored it, and chose to file this second case before seeking post-conviction relief in the state courts. If Petitioner files yet another habeas corpus petition without satisfying the exhaustion of state court remedies requirement, his right to bring new actions in this District may have to be restricted.

It will therefore be recommended that the present action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. It will be further recommended that the action be dismissed <u>without prejudice</u>, so that Petitioner can return to the state courts and attempt to satisfy the exhaustion requirement. Petitioner may come back to federal court, if necessary, after the state courts – including the Minnesota Supreme Court – have reviewed, and decided the merits of, all of the claims that he seeks to present in federal court. <u>See</u> <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993).[7]

Finally, it will be recommended that Petitioner's application for leave to proceed <u>in forma pauperis</u>, ("IFP"), be denied, because he has failed to state a habeas corpus claim that can be entertained in federal court at this time. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per</u> <u>curiam</u>) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

---

[7] If Petitioner elects to pursue a state post-conviction motion and all available state court appeals, the federal statute of limitations, 28 U.S.C. § 2244(d)(1), will be tolled (pursuant to § 2244(d)(2)) while such state court proceedings are pending. However, the tolling proviso will not help Petitioner with regard to any future federal habeas petition he might file, if the statute of limitations has already expired as of now. The Court cannot conclusively determine, based on the limited current record, that the instant petition is necessarily time-barred, so this action will be dismissed on the grounds of non-exhaustion, rather than untimeliness. This does not mean, however, that Petitioner need not be concerned about the statute of limitations if he tries to file another habeas petition after exhausting his state court remedies. Indeed, given that Petitioner's conviction is now more than four years old, it is quite possible that it is already too late for him to seek federal habeas corpus relief.

1. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254, (Docket No. 1), be DISMISSED WITHOUT PREJUDICE.

DATED: June 2, 2005

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 21, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.